IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMES E. SHERROD, ) | CASE NO. 8:08CV170 |
| ) | |
| Petitioner, ) | |
| ) | MEMORANDUM |
| v. ) | AND ORDER |
| ) | |
| ROBERT HOUSTON, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on Petitioner's Motion for Recusal (Filing No. 18) and Motion to Amend Appointed Counsel, which the court construes as a Motion to Appoint Counsel (Filing No. 19). Respondent has not filed a response to either Motion.

Recently, the court granted a motion for recusal in a separate matter brought by Petitioner. (Case No. 4:07CV3216, Filing No. 43.) In that matter, the undersigned judge recused herself because she was "a participant in the underlying process which led to this habeas corpus action." (*Id.*) However, in this matter, there is no indication that the undersigned judge had any involvement in any of the events underlying Petitioner's claims. Therefore, in accordance with 28 U.S.C. 455(a), there is nothing indicating that the court's "impartiality might reasonably be questioned." In light of this, the Motion for Recusal is denied. However, if Respondent is aware of any information which may affect the impartiality of the court, he shall immediately bring that information to the court's attention. In that event, the court will reconsider its decision.

Petitioner also seeks the appointment of counsel. (Filing No. 19.) "There is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). As a general rule, counsel will not be appointed unless the case is unusually

complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g., Morris v. Dormire,* 217 F.3d 556, 558-59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett,* 29 F.3d 469, 471 (8th Cir. 1994) (citations omitted). *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted.) The court has reviewed the record and finds that there is no need for the appointment of counsel at this time.

IT IS THEREFORE ORDERED that:

1. Petitioner's Motion for Recusal (Filing No. 18) is denied; and

2. Petitioner's Motion to Amend Appointed Counsel, construed as a Motion to Appoint Counsel, (Filing No. 19) is denied.

DATED this 7th day of October, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

2