IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **JAMES E. SHERROD,** | ) | **CASE NO. 8:08CV170** |
| | ) | |
| Petitioner, | ) | |
| | ) | **MEMORANDUM** |
| v. | ) | **AND ORDER** |
| | ) | |
| **ROBERT HOUSTON,** | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Respondent's Motion to Dismiss. (Filing No. 14.) Respondent moves to dismiss Petitioner's Petition for Writ of Habeas Corpus ("Petition") (Filing No. 1) because the filing of the Petition has not been authorized by the United States Court of Appeals pursuant to the provisions of 28 U.S.C. § 2244(b)(3)(A) (precluding the filing of a second or successive habeas corpus petition raising new claims absent authorization by the Court of Appeals).  Because the Petition is a second or successive petition within the meaning of the statute and because the Court of Appeals has not authorized the filing of that petition, the Motion will be granted.[1]

Petitioner challenges the conviction and sentence obtained and imposed in the District Court of Douglas County, Nebraska.  (Filing Nos. 1 at CM/ECF pp. 1, 5; 7; 11; 12 at CM/ECF p. 1; and 16.)  That conviction is described in a 1988 decision of the Nebraska Supreme Court.  *State v. Sherrod*, 425 N.W.2d 616 (Neb. 1988) (affirming conviction where, following jury trial before the District Court of Douglas County, Nebraska, Petitioner

---

[1] Note that Petitioner is prosecuting another habeas corpus action before Judge Urbom.  *See* Case No. 4:07CV3216.  However, that action does not appear to challenge the state conviction which is the subject of this case, but rather attacks a loss of good time resulting from a prison disciplinary action.

was convicted of first-degree sexual assault and, after having been found to be a habitual criminal, was sentenced to term of 35 years).

Petitioner has unsuccessfully challenged this same Douglas County conviction in earlier federal habeas corpus litigation before Judge Strom and others. (Filing No. 13-2, Attach. 1, at CM/ECF pp. 1-2 (dismissing habeas petition in Case No. 4:02CV3098).) In his decision, Judge Strom made clear that Sherrod was challenging the "current sentence [that] began on April 29, 1987." (*Id.* at CM/ECF p. 2.) April 29, 1987 is the date on which his Douglas County sentence began, according to Sherrod's Petition in this case. (Filing No. 1 at CM/ECF p. 1.) Judge Strom additionally observed that "[t]his is petitioner's fifth petition for a writ of habeas corpus filed in this Court. See Case Nos. 4:00CV3163 (D. Neb. 2000), 4:93CV3350 (D. Neb. 1993), 4:93CV3328 (D. Neb. 1993), and 4:91CV3200 (D. Neb. 1991)." (Filing No. 13-2, Attach. 1, at CM/ECF p. 1.) As a result, the pending Petition is properly considered a second or successive petition under the statute insofar as it challenges the same Douglas County conviction and sentence.[2]

---

[2] To avoid confusion, it is important to recognize that Sherrod was also convicted and sentenced to a consecutive prison term for sexual assault on an inmate in the Lancaster County District Court. See *State v. Sherrod*, 464 N.W. 2d 809 (Neb. 1991) (affirming 25 to 30 year sentence that ran consecutive to the Douglas County sentence). That Lancaster County conviction has also been the subject of repetitive federal habeas corpus litigation by Sherrod. (Filing 13-4, Attach. 3, at CM/ECF p. 2 (filing from Case No. 4:03CV3305 which notes that matter was "pertaining to sexual assault on an inmate"); Filing 13-5, Attach. 4, at CM/ECF p. 1 (filing from Case No. 4:04CV3296 which was pertaining to the conviction affirmed by "*State v. Sherrod*, . . . 464 N.W. 2d 809 (Neb. 1991)").) Sherrod does not challenge the Lancaster County conviction in this case. Thus, the earlier repetitive federal litigation involving the Lancaster County conviction has not been used as grounds for dismissal of this case because this matter challenges only the separate Douglas County conviction.

The record further establishes that Petitioner has not received permission from the Court of Appeals to again attack the Douglas County conviction. On the contrary, the Court of Appeals denied permission to do so in 2005 in the case handled by Judge Strom. (Filing No. 13-3, Attach. 2 (denying application for permission to file a successive habeas petition in Court of Appeals case number 04-4114, and regarding District Court Case No. 4:02CV3098; *see also* Docket Sheet for Court of Appeals Case No. 04-4114.) In addition, further investigation reveals that, in 2003, the Court of Appeals also denied permission to file a successive habeas corpus petition regarding the ligation challenging the Douglas County conviction that was pending before Judge Strom. (*See* Docket Sheet for Court of Appeals Case No. 03-1592 (denying application for permission to file a successive habeas petition regarding District Court Case No. 4:02CV3098).)

IT IS THEREFORE ORDERED that:

1. Respondent's Motion to Dismiss (Filing No. 14) is granted and this case is dismissed without prejudice;

2. Petitioner's Motion to Deny Summary Judgment (Filing No. 16) and Motion for DNA Testing (Filing No. 17) are denied; and

3. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 14th day of October, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge